1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

237813

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KERRICK MORRIS,

                Plaintiff,

v.

OLYMPUS AMERICA INC.; and
DOES 1 to 20, inclusive,

                Defendants.

CASE NO. SACV13-01189-DOC (JPRx)

**DISCOVERY MATTER**

**ORDER RE: CONFIDENTIAL
MATERIAL AND PROTECTIVE
ORDER**

## ORDER

The Court, having considered the parties' Modified Joint Stipulation and Proposed Protective Order re: Confidential Material, and finding good cause therefor, hereby enters the following Order:

I.      DEFINITIONS

The following definitions shall apply to this Stipulation and Order:

1.      The term "**Litigation**," as used herein, refers to the above-captioned matter and to any other action consolidated at any time under that caption, and any appeal therefrom through final judgment.

2.      The term "**Material**," as used herein, refers without limitation to all documents in written or electronic form, information and things produced in discovery, including responses to document requests, interrogatories and requests for admissions, written or oral testimony at, and transcripts of, depositions and other pretrial or trial proceedings, all copies of the foregoing, tangible or intangible, and all excerpts, extracts or summaries of any of the foregoing.   The term "Material" includes all information contained in or derived from the foregoing.

3.      The terms "**Confidential Information**" and "**Confidential**" as used herein, refer to all Material that any Producing Party (as defined herein) designates as confidential in the manner set forth in this Stipulation and Order and that the Producing Party reasonably believes contains proprietary, confidential or private information, including but not limited to confidential financial, trade secret and other business-related information.

4.     The term "**Producing Party**," as used herein, refers to any party to this Litigation producing Material in this Litigation, or any other person or entity producing Material in this Litigation, who agrees to be bound by the terms of this Stipulation and Order.

5.     The term "**Legend**," as used herein, refers to a stamp or similar insignia stating "CONFIDENTIAL."    When any Material is designated Confidential pursuant to this Stipulation and Order, the appropriate Legend shall be affixed to all confidential pages of such Material.   In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audio tape, computer disks or tapes, etc.), the appropriate Legend shall be affixed to the outside of the medium or its container so as to give clear notice of the designation.   To the extent that paper or hard copies are made of Confidential Information that has been produced in any non-paper medium as referenced above, the party making such copies shall place the appropriate Legend on each page of such paper or hard copy and any such paper or hard copies shall be deemed protected under this Stipulation and Order.   The CONFIDENTIAL designation shall be deemed to apply to the Material itself and to information contained therein.   The Producing Party shall only designate as CONFIDENTIAL those Materials that the Producing Party reasonably believes in good faith is entitled to confidential treatment under applicable law and only those portions of those Materials that the Producing Party reasonably believes in good faith is entitled to confidential treatment under applicable law.

6.     When reference is made in this Stipulation and Order to any Material or party, the singular shall include the plural and plural shall include the singular.

237813

ORDER RE: CONFIDENTIAL MATERIAL AND PROTECTIVE ORDER

II.     EFFECT OF DESIGNATION

        Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all Material designated Confidential shall be treated as such under this Stipulation and Order.  However, by agreeing to this Stipulation and Order, no party shall be deemed to agree that any other party's designation of any document or other Material as Confidential is proper, or waives the right to challenge such designation.

III.    SCOPE OF APPLICATION

        This Stipulation and Order shall govern all Material generated or produced by any party to this Litigation in response to any formal discovery or informal discovery or exchange of information, if so designated, conducted by any party to this Litigation.  This stipulation shall not govern the use or admissibility of any evidence at trial or the procedures for using such Material at trial.

IV.     LIMITATION ON USE

        Confidential Information may be used only for purposes of this Litigation, and may not be used for any other purpose including, without limitation, any business or commercial purpose, except by consent of the Producing Party. Nothing in this Stipulation and Order shall be construed to limit the parties' ability to use its own Materials, not produced by another party to this Litigation, containing Confidential Information, as they otherwise would during the ordinary course of business.

ORDER RE: CONFIDENTIAL MATERIAL AND PROTECTIVE ORDER

Information that is designated Confidential and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source, shall be disclosed only to the extent necessary for the prosecution and/or defense of this Litigation and only to:

1.    Parties to this Litigation and the employees, officers and directors of such parties who have a reasonable need to review the information in connection with this Litigation;

2.    The parties' in-house and outside counsel who have a reasonable need to review the information in connection with this Litigation;

3.    Counsel of record in this Litigation, paralegals, legal assistants, secretarial and clerical employees of such counsel of record, including outside copy services, who have a reasonable need to review the information in connection with this Litigation;

4.    Independent contractors, experts or consultants who are employed or retained by, or consulted about retention on behalf of, any of the parties or counsel of record in this Litigation for the parties hereto to assist in preparation of this Litigation;

5.    Deponents, trial witnesses and their counsel who have a reasonable need to review this material during the course of, or in preparation for, their testimony in this Litigation, including but not limited to deponents or trial witnesses who may be employees of a party;

237813

ORDER RE: CONFIDENTIAL MATERIAL AND PROTECTIVE ORDER

6.     Stenographic reporters who are involved in depositions or any hearings or proceedings before the Court in this Litigation; and

7.     The Court and any persons employed by the Court whose duties require access to Confidential Information.

## V.   MANNER OR MEANS OF DESIGNATION

A Producing Party may designate any Material that contains Confidential Information as Confidential pursuant to this Stipulation and Order by affixing the appropriate Legend as provided under paragraph I.5. to any Material containing, or that the Producing Party believes contains, Confidential Information.

## VI.   DESIGNATION OF MATERIAL PRODUCED BY THIRD PARTIES

Any party may designate as Confidential any Material produced or disclosed without such designation by any third party, within thirty (30) days of production of such Material to the designating party (or such other time as may be agreed), provided that such Material contains Confidential Information of a designating party, in the following manner:

1.     Parties to this Litigation may designate such Material by sending written notice of such designation, accompanied by copies of the designated Material bearing the Legend, to all other parties in possession or custody of such previously undesignated Material.  Any party receiving such notice and copy of the designated Material pursuant to this subparagraph shall, within fifteen (15) days of receipt of such notice (or such other time as may be agreed), return to the designating party all undesignated copies of such Material in their custody or

237813

1   possession, or alternatively shall affix the Legend to all copies of such designated

2   Material in the receiving party's custody or possession.

3

4   2.   Upon notice of designation pursuant to this paragraph, parties shall

5   also: (i) make no further disclosure of such designated Material contained therein

6   except as allowed under this Stipulation and Order; (ii) take reasonable steps to

7   notify any persons who were provided copies of such Material of the terms of this

8   Stipulation and Order; and (iii) take reasonable steps to reclaim any such Material

9   in the possession of any person not permitted access to such Material under the

10  terms of this Stipulation and Order.

11

12  VII.   DESIGNATION OF DEPOSITION TRANSCRIPTS

13

14  In the case of Confidential Information revealed during a deposition, if a

15  deposition has not previously been designated as Confidential prior to its

16  preparation by the stenographer, counsel for a party may designate a deposition or a

17  portion thereof, disclosing, containing or referring to any Confidential Information

18  hereunder as Confidential by informing counsel for all other parties to this action in

19  writing within thirty (30) days after receipt of the transcript (or such other time as

20  may be agreed), as to the specific pages so deemed, and thereafter such pages shall

21  constitute Confidential Information pursuant to this Stipulation and Order.   Upon

22  receipt of such notice, any party in possession of copies of such undesignated

23  transcript shall affix the appropriate Legend thereto.   Until the expiration of such

24  thirty (30) day period, the entire transcript shall be treated as containing

25  Confidential Information.

26

27

28

237813

ORDER RE: CONFIDENTIAL MATERIAL AND PROTECTIVE ORDER

VIII.  <u>COPIES</u>

All copies of all Material containing Confidential Information shall also constitute and be treated as Confidential Information as provided in this Stipulation and Order.  Any person making, or causing to be made, copies of any Confidential shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Stipulation and Order.  Nothing herein shall preclude any arrangement among the parties by which Material may be copied by the Producing Party.

IX.  <u>OBJECTIONS TO DESIGNATION</u>

Any party (the "Requesting Party") may at any time request in writing that any information or document designated as Confidential be released from the requirements of this Stipulation and Order, and, unless otherwise agreed in writing, the Producing Party shall confer with the Requesting Party within ten (10) days of receipt of such written request.  If an agreement cannot be reached by negotiation and the Court has not provided for a different procedure to handle such disputes, then the Requesting Party must make an application for a ruling from the Court to remove the Confidential or designation from such information or document.  The procedures and burdens for any such motion are governed by the Federal Rules of Civil Procedure and Local Rules 37-1 and 37-2 of the Central District of California. In the event that such application is made, any relevant information or document shall be submitted to the Court under seal for the Court's review in accordance with Local Rule 79-5, and the terms of this Stipulation and Order shall continue to apply to such information or document until the Court rules on the application.  Unless otherwise ordered by the Court, the Court's ruling that any Confidential Information is not properly designated as Confidential shall not affect any other Confidential

237813

ORDER RE: CONFIDENTIAL MATERIAL AND PROTECTIVE ORDER

1  Information so designated.  The above procedure shall not preclude application to
2  the Court on a more expedited basis as circumstances warrant.

3

4  X.  SUBPOENA OF CONFIDENTIAL INFORMATION

5

6  If at any time any Confidential Information protected by this Stipulation and
7  Order is subpoenaed by any court, administrative or legislative body, or is formally
8  requested by any other person or entity purporting to have authority to require the
9  production of such Material, the party to whom the subpoena or other request is
10  directed shall immediately give written notice thereof to any Producing Party that
11  has designated such Material as Confidential so as to advise such person of the need
12  promptly to obtain a protective order or to move to quash the subpoena.  The
13  burden shall be on the Producing Party to file a motion to obtain protection for such
14  Material either before a response to the subpoena is due or on a schedule otherwise
15  agreed to by the parties.  The pendency of this Stipulation and Order shall not be
16  grounds for refusing to provide such Confidential Information in response to a
17  subpoena or formal request.  Nor shall the production of Confidential Information
18  by a third party operate as a waiver of or otherwise limit the protections afforded to
19  Material subject to this Stipulation and Order.

20

21  XI.  CONTINUATION OF PROTECTION AFTER DISPOSITION

22

23  1.  The termination of proceedings in this Litigation shall not relieve the
24  parties of the obligation to maintain the confidentiality of all Confidential
25  Information under this Stipulation and Order, unless otherwise ordered by the Court
26  or stipulated in writing by all parties to this Stipulation and Order.

27

28

237813

-9-

ORDER RE: CONFIDENTIAL MATERIAL AND PROTECTIVE ORDER

2.      Within sixty (60) days after the final disposition of this Litigation by settlement or by final judgment not subject to any further appeal, the attorneys for the parties shall either:  (a) return promptly to the Producing Party from whom it was obtained any Material designated Confidential and all copies, extracts and summaries thereof; or (b) destroy all Material designated Confidential and copies, extracts and summaries thereof.  Notwithstanding this provision, the parties to this Litigation may keep a complete set of deposition transcripts, all documents filed or lodged with the Court, which may include Material designated Confidential, and any of their counsel's work product, provided that such Material is stored in a manner so as to preserve its confidentiality.

## XII.    MODIFICATIONS TO THIS ORDER

Nothing herein shall preclude any party from applying to the Court to modify this Stipulation and Order to provide for additional safeguards to ensure the confidentiality of Material produced in this action, or to seek relief from any provision of this Stipulation and Order.  Any of the parties may modify any of the provisions of this Stipulation and Order by written agreement between or among themselves so long as any such agreement among fewer than all of the parties does not affect the rights, duties and obligations of any other party to this Litigation or the rights, duties and obligations of any third party.  No stipulation amongst the parties to modify an existing Order of the Court will have the force or effect of a Court Order unless the Court approves the modification.

## XIII.    RESERVATION OF RIGHTS

By designating any Material as Confidential, the parties do not acknowledge that any such Material is relevant or discoverable in this action, nor does the fact

237813

that a party designates Material as Confidential constitute an adjudication by the Court or an agreement by any other party that the Material is properly so designated or that such Material, in fact, constitutes or contains any trade secrets or otherwise private, confidential or proprietary information.  All parties reserve the right to seek or resist discovery of, or challenge the designation of, such Material in this action.

XIV.  <u>MATERIAL ALREADY POSSESSED</u>

Nothing herein shall preclude a party's right to use Material that it has acquired independently of the other party.

XV.  <u>INADVERTENT PRODUCTION/NON-DESIGNATION</u>

Any inadvertent failure to designate Material that in fact constitutes Confidential Information shall not be deemed to be a waiver of any such protection to which the Material is entitled.  If, through inadvertence, a Producing Party produces any Material containing Confidential Information but fails to designate the Material as Confidential, the Producing Party may subsequently designate the Material as Confidential pursuant to paragraph I.5., so long as the Producing Party does this immediately upon its discovery of its inadvertent failure to designate such documents.  The non-Producing Party shall not be deemed in breach of this Order, however, if it discloses such Material prior to designation.

XVI.  <u>OTHER PROVISIONS</u>

Neither the taking of any action in accordance with the provisions of this Stipulation and Order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in the action.  This Stipulation and Order shall not

237813

-11-

be construed as a waiver of any right to object to the furnishing of Material in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce Material sought in the course of discovery.

**IT IS SO ORDERED**.

Dated:  December 27, 2013__

HONORABLE JEAN P. ROSENBLUTH
United States Magistrate Judge

237813

ORDER RE: CONFIDENTIAL MATERIAL AND PROTECTIVE ORDER